## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WILLIAM HUSEL,

     Plaintiff,

                                    Civil Action No. 24-cv-11060

v.                                  HON. JONATHAN J.C. GREY

TRINITY HEALTH
CORPORATION,

     Defendant.

_____/

## <u>ORDER GRANTING DEFENDANT'S</u>
## <u>MOTION TO DISMISS (ECF No. 4)</u>

Dr. William Husel initially filed a complaint for malicious prosecution against Trinity Health Corporation ("Trinity") on April 12, 2023 (23-cv-10845, the "first action"). In the first action, the Court granted Trinity's motion to dismiss and dismissed the case without prejudice on March 28, 2024. (23-cv-10845, ECF Nos. 13, 14.) Dr. Husel then filed this action on April 22, 2024, again bringing a claim of malicious prosecution based on the same set of operative facts. (ECF No. 1.) Trinity filed a motion to dismiss which is fully briefed. (ECF Nos. 4, 10, 11.) The Court finds that oral argument will not aid in its

disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

The new complaint suffers the same defects as the prior complaint, a lack of sufficiently pleaded facts to support a claim for malicious prosecution. Based upon its prior analysis (23-cv-10845, ECF No. 13) incorporated in this order, and for the reasons that follow, the Court **GRANTS** Trinity's motion to dismiss and **DISMISSES** Dr. Husel's complaint.

## I.     Background

Dr. Husel is a former physician who worked for five years in the Intensive Care Unit ("ICU") at Mount Carmel West Hospital, a Trinity-owned hospital in Columbus, Ohio. This case arises from an investigation by Trinity into Dr. Husel's practice of prescribing doses of opioids and benzodiazepines that were substantially higher than his peers. Dr. Husel claims that after its initial investigation, Trinity actively sought his indictment and prosecution by maliciously providing the Franklin County Prosecutor's Office with knowingly inaccurate and misleading information and knowingly withholding exculpatory

evidence. Further, he claims Trinity instituted a public outreach campaign designed to lead to his indictment and prosecution.

The complaint in the instant action includes only seven new paragraphs of allegations, but it is otherwise identical to the complaint in the first action. (*See* ECF No. 1.) As the Court articulated the factual background and Dr. Husel's allegations in its order granting Trinity's motion for summary judgment in the first action (*see* 23-cv-10845, ECF No. 13), the Court notes the new facts alleged and repeats only those facts relevant to this motion.

In June 2019, a Franklin County, Ohio Court of Common Pleas grand jury indicted Dr. Husel on twenty-five counts of intentional murder. However, in January 2022, the prosecution voluntarily dismissed eleven of the counts. On April 20, 2022, a jury acquitted Dr. Husel of the remaining fourteen counts. Dr. Husel then filed the first action claiming malicious prosecution against Trinity on April 12, 2023. (23-cv-10845, ECF No. 1.) The Court granted Trinity's motion to dismiss in the first action on March 28, 2024. (23-cv-10845, ECF No. 13.)  The Court entered Judgment against Dr. Husel. (23-cv-10845, ECF No. 14.)

In granting Trinity's motion to dismiss in the first action, the Court held that Dr. Husel's complaint failed to rebut the presumption of probable cause to support the indictment as it: (1) "never explicitly states who, as in which Trinity staff member, presented the false or misleading testimony nor explains how that testimony was relevant to the indictment" and (2) made "no allegations that the grand jury proceedings were irregular." (23-cv-10845, ECF No. 13.)

Dr. Husel alleges in the second complaint that,

> [U]pon information and belief, Dr. Daniel Roth, and/or possibly other agents of Trinity, presented testimony to the grand jury that explained, falsely, that the doses ordered by Dr. Husel were so high and out of the ordinary that (a) they served no medical purpose; and (b) the only reason a medical doctor could have ordered such doses is if they intended to kill the patient or hasten that patients' death; and (c) that the administration of 500 micrograms or more of fentanyl to a patient in a single bolus dose would have been fatal.

(ECF No. 1 at PageID.67 at ¶ 230.) The second complaint does not cite to any specific grand jury testimony.

## II.   Legal Standard

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 555, 570 (2007)). When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

But the Court will not presume the truth of any legal conclusions stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the pleaded facts do not raise a right to relief, the Court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

When deciding whether to dismiss a case, a court will generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider exhibits attached to the complaint, public records, and motion to dismiss attachments without converting the motion into one for summary judgment so long as the outside documents are referred to in the complaint and are central to the claims. *Id.*

5

## III.  Analysis

### A.    Statute of Limitations

As the parties agree, Ohio law controls Dr. Husel's malicious prosecution claim. Under Ohio law, the statute of limitations for a claim of malicious prosecution is one year. Ohio Rev. Code Ann. § 2305.11(A). A cause of action for malicious prosecution accrues when the underlying criminal proceedings are terminated in favor of the accused. *See Froehlich v. Ohio Dep't of Mental Health*, 871 N.E.2d 1159, 1162 (Ohio 2007). Dr. Husel's claim accrued on April 20, 2022, the date of his acquittal. The computation of dates for the statute of limitations "exclude[es] the first and include[es] the last day." Ohio Rev. Code Ann. § 1.14. Consequently, absent tolling, Dr. Husel had until April 21, 2023 to file a complaint.

When Dr. Husel filed his complaint in the first action on April 12, 2023, nine days remained on the statute of limitations. The statute of limitations was then tolled until the first action was dismissed and the Court entered judgment on March 28, 2024. (23-cv-10845, ECF Nos. 13, 14.) At that time, the nine days remained in the limitations period,

until April 6, 2024. However, on March 29, 2024, Dr. Husel filed an amended complaint in the first action. (23-cv-10845, ECF No. 15.)

Notably, Dr. Husel did not file a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and did not acknowledge in his amended complaint that the Court had entered judgment against him. (*Id.*) On April 17, 2024, the Court sua sponte struck the complaint as improperly filed on multiple grounds, including Husel's failure to comply with either Federal Rule of Civil Procedure Rule 15(a) or 60(b). (23-cv-10845, ECF No. 17.)   Dr. Husel then filed a complaint in this action on April 22, 2024. (ECF No. 1) If Dr. Husel's amended complaint in the first action sufficed to toll the statute of limitations, this action is timely as the statute of limitations would not have expired until April 26, 2024. If not, it was filed after the statute of limitations expired.

Dr. Husel's argument centers around a discussion of Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings before trial. According to that rule, a party may amend its pleading once as a matter of course no later than 21 days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may only amend its pleading with the opposing party's written consent or

with the court's leave. Fed. R. Civ. P. 15(a)(2). Under Rule 15, the Court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the deadline to file an amended complaint as of right had passed in the first action by the time Dr. Husel filed his amended complaint. Dr. Husel never requested leave to file an amended complaint, the Court did not grant leave to file an amended complaint, and Trinity did not consent to the filing of an amended complaint. (23-cv-10845, ECF Nos. 13, 14.) Furthermore, and most critically, judgment had been entered. (*Id.*)

Dr. Husel argues his improperly filed complaint may either "be considered a nullity … or taken as properly introduced as long as the amendments do not unfairly surprise or prejudice the defendant[.]" *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 937–938 (M.D. Tenn. 2012) (internal citations and quotation marks omitted). However, *Okolo* dealt with an amended complaint that was filed prior to the entry of judgment and was thus reviewed under Rule 15(a). *Id.* at 937-38. Under Rule 15, "leave to amend pleadings should be freely given in the

interest of justice" which informed the court's decision to give a complaint legal effect. *Id.* at 939.

In *Okolo,* the court found that defendant did not experience prejudice because of the plaintiff's error. *Id.* The court in *Okolo* relied on *Mathews v. HealthSouth Corp.*, 332 F.3d 293, 297 (5th Cir. 2003), which held that, when the opposing party "would have been prejudiced if the court did not follow the formal requirements of Rule 15(a)," the pleading was a nullity. After a judgment is entered, however, the relaxed standards of Rule 15 no longer apply.

The timing of the motion is critical as "in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Rule 60 governs motions for relief from judgment, and it imposes harsher requirements than Rule 15(a). Under Rule 60, a party may be relieved from judgment only under limited circumstances. Fed. R. Civ. P. 60(b).

"When a party seeks to amend a complaint after an adverse judgment, it…must shoulder a heavier burden. Instead of meeting only

the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). "A claimant who seeks to amend a complaint after losing the case must provide a compelling explanation to the district court for granting the motion." *Id.* at 617. Furthermore, "[a] plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'" *Id.* at 616 (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998).)

Courts in other districts have found that "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect. Without legal effect, it cannot toll the statute of limitations period." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003); *see also Guarascio v. Guarascio*, No. 2:23-CV-00019-BO, 2023 WL 8459897 (E.D.N.C. Dec. 6, 2023). In *Guarascio*, the court found that a complaint filed after the entry of judgment was a "nullity, as are any filings that rely on it," as

the plaintiff failed to take the steps required to properly amend his complaint after judgment. *Guarascio*, 2023 WL 8459897 at *1. However, courts have accepted amended complaints even if improperly filed if they could be "re-filed without affecting the rights of the parties." *U.S. ex rel. Mathews* 332 F.3d 293 at 297.

Dr. Husel never sought leave to amend and the Court's order granting Trinity's motion to dismiss in the first action did not give him leave to amend. (23-cv-10845, ECF Nos. 13, 14.) Instead, the Court simultaneously entered a final judgment. (*Id.*) As in *Guarascio*, Dr. Husel "took none of the steps required to properly amend his complaint after judgment: he neither moved to reopen or vacate the judgment nor moved for leave to file an amended complaint." *Guarascio* WL 8459897 at *1. Furthermore, the loss of a statute of limitations defense constitutes legal prejudice to the defendant. *See, e.g., Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984, 988 (5th Cir. 1989).

Nonetheless, there is a "well-established preference for allowing claims to be decided on their merits where possible.*" Burkeen v. A.R.E. Accessories, LLC*, 758 F. App'x 412, 416 (6th Cir. 2018). The Court is mindful that Dr. Husel's amended complaint was filed before the

statute of limitations expired. Had Dr. Husel filed a new action on that date, which was permissible as the first action was dismissed without prejudice, it would have been timely. As such, Trinity would not have had the benefit of the statute of limitations argument had the complaint been properly filed. Furthermore, the instant amended complaint raises no new causes of action but merely clarifies the factual basis for the malicious prosecution claim in an apparent attempt to respond to the Court's prior order. As discussed below, if properly filed, leave to file the amended complaint would have been denied as futile as it is still insufficient to overcome Trinity's motion to dismiss.

The Court finds that the holding in *Leisure Caviar*, the legal prejudice to Trinity as the result of the loss of the statute of limitations defense, and the fact that the amended complaint would have been dismissed as futile are dispositive here. For the foregoing reasons, the Court finds that the amended complaint in the first action was a legal nullity that did not toll the statute of limitations, and Dr. Husel's complaint is untimely. Nevertheless, the Court also addresses the merits of Dr. Husel's amended complaint and finds that it is still fails to

sufficiently state a plausible claim, so the Court must grant the motion to dismiss.

### B.   Malicious Prosecution

A claim for malicious prosecution under Ohio law has three elements: "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016) (quoting *Trussell v. Gen. Motors. Corp.*, 559 N.E.2d 732, 736 (Ohio 1990)). As one Ohio court noted, "actions for malicious prosecution have been met with marked disfavor by the [Ohio] courts." *Dailey v. First Bank Ohio*, No. 04AP–1309, 2005 WL 1483678, at *5 (Ohio Ct. App. June 23, 2005). To give proper effect to Ohio law, the Court will analyze this claim with the same "marked disfavor." *Id.* Dr. Husel needs well-pleaded allegations for each element to survive a motion to dismiss. Of course, the Court also accepts all well-pleaded allegations as true and views the complaint in the light most favorable to Dr. Husel, as required for a motion to dismiss. However, the Court cannot accept allegations as true based only on conclusory statements. *Iqbal*, 556 U.S. at 668.

An indictment from a grand jury creates a presumption that probable cause existed for the prosecution. *Gonzalez v. Kovacs*, 687 F. App'x 466, 469 (6th Cir. 2017) (citing *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)) (applying Ohio law). The presumption can be rebutted by a showing of substantial evidence. *Bickerstaff*, 830 F.3d at 397. A showing that the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular can rebut the presumption. *Id.; see also Mayes v. Columbus*, 664 N.E.2d 1340, (Ohio App.1995).

Specifically, Dr. Husel needs to address the deficiencies previously identified by the Court in the first action by stating (1) who, as in which employee of Trinity, presented false or misleading testimony and how that testimony was relevant to the indictment, or (2) an allegation that the grand jury proceedings were irregular. (23-cv-10845, ECF No. 13.)

Dr. Husel has failed to allege a separate ground, other than false or misleading testimony, on which the grand jury proceedings were irregular. He merely states that "the grand jury proceedings were irregular because the grand jury was presented with false or misleading testimony to satisfy the element of intent." (ECF No. 1, PageID.67.) Dr.

14

Husel's new allegation aimed at addressing the first deficiency is that "upon information and belief, Dr. Daniel Roth, and/or possibly other agents of Trinity, presented false testimony to the grand jury[.]" (ECF No. 1, PageID.67) Dr. Husel asserts that besides possible false testimony possibly from Roth and/or possibly from agents of Trinity, "no other evidence that could have satisfied the element of intent was presented to the grand jury (because no such evidence exists)." (*Id.*)

In support, Dr. Husel cites to public statements made by Dr. Roth, Trinity, and the Franklin County Prosecutor and argues that similar statements must have been made to the grand jury. (*Id.* at PageID.68.) Although it is unclear to which specific public statements Dr. Husel refers, the Court infers that they are the statements which were included in the complaint in the first action and restated in the complaint in this case. In response to these new assertions, Trinity claims that Dr. Husel has again failed to plead a lack of probable cause.

"The Sixth Circuit has permitted pleading on information and belief in certain circumstances, such as when a plaintiff may lack personal knowledge of a fact, but have 'sufficient data to justify interposing an allegation on the subject' or be required to rely on

'information furnished by others.'" *Apex Tool Grp., LLC v. DMTCO, LLC*, No. 3:13-cv-372, 2014 WL 6748344, at *9 (S.D. Ohio Nov. 26, 2014) (quoting *Starkey v. JPMorgan Chase Bank*, NA, 573 F. App'x 444, 447 (6th Cir. 2014)). Conclusory allegations made on information and belief "are precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told us to ignore when evaluating a complaint's sufficiency." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013).

Although allegations made on information and belief are permissible if they have sufficient factual basis, facts "based on sheer speculation are not well-pled." *DeLanis v. Metro. Gov't of Nashville & Davidson Cnty.*, 697 F. Supp. 3d 748, 762 (M.D. Tenn. 2023). Furthermore, "[a]lthough overcoming the presumption of grand-jury secrecy might be difficult, grand-jury secrecy cannot act as an excuse to avoid the requirement . . . that a complaint set forth facts that plausibly state a claim." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017).

Dr. Husel's complaint in the instant action is deficient for the same reason as in the first action. Although his complaint alleges "Dr.

Daniel Roth, and/or possibly other agents of Trinity" testified before the grand jury, this is facially speculative as evidenced by the use of "and/or" and the fact the allegation is made "on information and belief." (ECF No. 1, PageID.67.) Furthermore, the factual basis for this inference, the public statements made by Dr. Roth, Trinity, the Franklin County Prosecutor, were all included in the complaint in the first action. (23-cv-10845, ECF No. 1.) Dr. Husel provides no new facts to support his allegations.

Dr. Husel's attempt to distinguish *16630 Southfield* because the allegations in that case were "naked assertions devoid of further factual enhancement" is unpersuasive. 727 F.3d at 506. There is no factual enhancement in this case which the Court can use to determine who made false statements to the grand jury or determine the contents of the false statements. Dr. Husel still cannot identify a Trinity employee who testified before the grand jury, and he provides no new facts to support the inference that Dr. Roth or anyone else testified. Stating possibly "Dr. Roth" or others is insufficient.

Furthermore, the Court again notes that the prosecutor need not present exculpatory evidence to the Grand Jury. *Baron v. Andolsek*, No.

2003–L–005, 2004 WL 473261, at \*3 n.1 (Ohio Ct. App. March 12, 2004) (citing *Criss v. Kent*, 867 F.2d 259, 263 (6th Cir. 1988)).

As in *Bickerstaff*, Dr. Husel still "does not point to any grand-jury proceedings or testimony in any part of [his] complaint to show how the proceedings were compromised." *Bickerstaff*, 830 F.3d at 397. Furthermore, knowledge about who testified, and about what, at the grand jury proceedings would not necessarily be within Trinity's knowledge. Trinity has just as much, or just as little, access to the grand jury transcripts as Dr. Husel, and Dr. Husel has had the benefit of discovery in two other proceedings in Ohio related to the events at issue.[1] Indeed, notably absent from the complaint is any reference to Dr. Roth's testimony at the criminal trial or other allegation of perjury.

## IV.   Conclusion

For the foregoing reasons, Dr. Husel's complaint is both untimely and fails to state a claim for which relief can be granted, as it does not venture beyond a bare assertion that false or misleading testimony

---

[1] Namely, the criminal prosecution and a civil lawsuit alleging defamation and breach of contract filed in the Franklin County, Ohio Court of Common Pleas. (*See* ECF No. 1, PageID.8, ¶28; Case No. 19-CV-010311)

occurred before a grand jury. Therefore, **IT IS ORDERED** that Trinity's motion to dismiss (ECF No. 4) is **GRANTED**;

      **IT IS FUTHER ORDERED** that the complaint (ECF No. 1) is **DISMISSED**.

      **SO ORDERED**.

**s/ Jonathan J.C. Grey**
JONATHAN J.C. GREY

Dated:  March 30, 2025      UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2025.

**s/ S. Osorio**
Sandra Osorio
Case Manager